FILED
MAY 24 2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| JOSHUA A. SMITH, | ) | Case No. 11 C 50382 |
| | ) | |
| Plaintiff, | ) | Judge, |
| | ) | Hon. Frederick J. Kapala |
| v. | ) | |
| | ) | Magistrate Judge, |
| PATROL OFFICER LINCOLN SHARP, sued | ) | Hon. Iain D. Johnston |
| in his official and individual capacities, and | ) | |
| LESLIE SHAW, sued in his official and | ) | |
| individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. Introduction**

Before the court is Plaintiff's Motion for an Order Compelling Discovery of the documents requested in Plaintiff's Request to Produce Documents dated July 16, 2012 ("Plaintiff's Motion to Compel").

**II. Background**

On May 7, 2011, Defendants, Police Officers Lincoln Sharp and Leslie Shaw, arrested Plaintiff, Joshua Smith, for aggravated assault of a police officer and resisting or obstructing a peace officer. According to the pleadings, during the arrest, there was a physical altercation between Officer Sharp and Plaintiff. The alleged physical altercation occurred during the Defendants' investigation of a domestic disturbance between Plaintiff and his girlfriend at the time in Dixon, Illinois.

On December 23, 2011, Plaintiff filed this lawsuit alleging claims under 42 U.S.C. § 1983, including excessive force, false arrest, and illegal seizure against Officers

1

Sharp and Shaw. Plaintiff also asserts common law claims of assault and battery against both Defendants.

Officers Sharp and Shaw filed a Motion to Stay Proceedings on December 14, 2012 pending resolution of a concurrent state criminal action pending against Plaintiff in Lee County. In December, 2012, Plaintiff pleaded guilty to one count of misdemeanor aggravated assault in violation of 720 ILCS 5/12-2(a) in connection with the May 7, 2011 incident involving Officer Sharp. Officers Sharp and Shaw withdrew their Motion to Stay on January 8, 2013 following resolution of the state criminal action.

Plaintiff served the Defendants with his First Set of Requests to Produce on July 16, 2012. In that document, Plaintiff makes six requests for production:

1. "[t]he defendants [sic] oath of office and safety certificate signed upon thier [sic] employment with the Dixon Police Department." (Plaintiff's Motion to Compel at 1.)

2. "[t]he complete and unredacted mission statement of the Dixon Police Department." (Plaintiff's Motion to Compel at 1.)

3. "[t]he defendants [sic] employment history and disciplinary record with the Dixon Police Department." (Plaintiff's Motion to Compel at 1.)

4. "[t]he complete and unredacted policy of the Dixon Police Department on arrest, use of force, and handling subjects." (Plaintiff's Motion to Compel at 1.)

5. "[t]he complete and unredacted file held by the Dixon Police Department on or about the plaintiff, Joshua A. Smith." (Plaintiff's Motion to Compel at 1.)

6. "[t]he complete and unredacted file of all police incident reports involving the plaintiff or the plaintiff's property." (Plaintiff's Motion to Compel at 1.)

Based on the Defendants' response to these requests, Plaintiff filed the Motion to Compel with this court. The Defendants have responded in part to Requests One, Four, Five, and Six. (Defendants' Response to Plaintiff's Motions to Compel at 2-3.) In

particular, Defendants represent that they have produced Officer Sharp's executed oath of office in response to Request One, but that they cannot produce Officer Shaw's oath of office because it is "not in the possession of the Defendants as LESLIE SHAW was hired in 1992 and such records have not been maintained." (Defendants' Response to Plaintiff's Motions to Compel at 2.) Defendants do not address whether the safety certificates executed by Officers Sharp and Shaw exist and/or have been produced. Defendants further represent that in response to Request Four, they produced the "Dixon Police Department's Use of Force Policy in effect on the date of the occurrence" and will also produce a copy of the Use of Force Policy predating the policy in effect on the date of the occurrence. (Defendants' Response to Plaintiff's Motions to Compel at 2-3.)

With respect to Requests Five and Six, Defendants represent that they have responded to both of these Requests by producing "242 pages of incident reports involving the plaintiff…[which] comprise the record of incident reports involving the Plaintiff maintained by the Dixon Police Department." Defendants' further represent that they will produce one additional Incident Report Number IN11-05162 to Plaintiff. Plaintiff seeks to compel two additional Incident Reports, Numbers IN11-04601 and IN11-00001, concerning incidents allegedly involving Plaintiff's property. Defendants' have refused to provide these two reports because the reports "do not involve the Plaintiff or his property and his name does not appear in either of the reports." (Plaintiff's Answer to Defendants' Response to Plaintiff's Motions to Compel at 2; Defendants' Response to Plaintiff's Motions to Compel at 3.) Additionally, Plaintiff acknowledges that "Defendants did provide 242 pages but specifically provided the wrong material, left

3

certain reports out, or claimed to not have material." (Plaintiff's Answer to Defendants' Response to Plaintiff's Motions to Compel at 2.)

Plaintiff's Motion to Compel in relation to the safety certificates executed by Officers Shaw and Sharp, to the extent that such certificates exist, the Use of Force Policy predating the policy in effect on the date of the occurrence, and Incident Report Number IN11-05162 is granted. Defendants have until June 28, 2013 to produce these documents. As explained below, Plaintiff's Motion to Compel in relation to the two additional Incident Reports is denied. The remainder of the documents requested in Requests One, Four, Five, and Six have already been produced. Thus, the court finds that the portion of Plaintiff's Motion to Compel seeking production of these documents is moot.

The remaining issues involve Requests Two and Three. Specifically, Defendant's argue that the information sought in Request Two is "irrelevant and unlikely to lead to evidence admissible at trial." Defendants object to Request Three as "irrelevant and overly broad in scope and time." As more fully explained below, Plaintiff's Motion to Compel in relation to Requests Two and Three is granted in part.

### III. Relevancy

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth discovery scope and limits. Rule 26(b)(1) states that "[u]nless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter, that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "[T]he court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information

4

need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

The scope of discovery is limited to matters "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1); *See In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1188 (10th Cir. 2009); *Sallis v. University of Minn.*, 408 F.3d 470, 477-78 (8th Cir. 2005). Courts have broadly defined the term, "relevant," to include "any matter that bears on, or that reasonably could lead to other matters that could bear on any issue that is or may be in the case." *Oil, Chemical & Atomic Workers Local Union No. 6-418, AFL-CIO v. N.L.R.B.*, 711 F.2d 348, 360 (D.C. Cir. 1983).

The court finds that the documents sought in Request Numbers Two and Three are relevant as the term is defined in Rule 26. The Dixon Police Department mission statement is information that is reasonably calculated to lead to the discovery of admissible evidence. The Defendants' employment and disciplinary records are also relevant to the Plaintiff's claims, and may benefit the Plaintiff's case. At the discovery stage, the employment history and disciplinary records of Officers Shaw and Sharp are relevant based on their alleged involvement in the incident on May 7, 2011. *See Terry v. Zernicke*, 1996 WL 5183, at *2 (N.D. Ill. Jan. 2, 1996) ("The personnel files, including disciplinary histories, of law enforcement officers are relevant to assessing a claim of misconduct by such officials, and are, therefore, presumptively discoverable."); *Vodak v. City of Chicago*, 2004 WL 1381043, at *5 (N.D. Ill. May 10, 2004) ("Numerous courts have held that the personnel files and complaint histories of defendant officers are relevant in § 1983 actions involving police misconduct..."). However, all confidential personal and irrelevant information (as relevance is defined in Rule 26(b)(1)), including,

but not limited to, home addresses, telephone numbers, family histories, family member information, and insurance and benefit information, should be redacted from the files before production.[1]

The court finds that the two additional Incident Reports (Numbers IN11-04601 and IN11-00001) sought in Request Six are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The Defendants have represented that these reports do not involve the Plaintiff or his property. Therefore, these reports are irrelevant to the Plaintiff's claims.

### IV. Benefit vs. Burden

In addition to relevancy, the court must balance the possibility that the documents requested will lead to beneficial material against the burden of the production of the documents. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). Here, the scope of the documents requested is not unduly broad and does not place a sizable burden on the Plaintiffs. The court will grant Plaintiff's Request Numbers Two and Three, consistent with the ruling herein.

### IV. Conclusion

Plaintiff's Motion to Compel is granted in part and denied in part, consistent with the rulings herein. Defendants shall produce the material consistent with this opinion on or before June 28 , 2013.

Plaintiff's Motion for Sanctions is denied.

---

[1] The Defendants are not prohibited from filing a precise, targeted motion for a protective order, if necessary. To date, Defendants' only objections are general and broad. To the extent that confidential information is contained in the requested documents, Defendants could have explicitly presented those concerns. Moreover, based on the record, it does not appear that Defendants attempted to enter a protective order. The Court understands that Plaintiff is currently unrepresented, but that fact does not prohibit Defendants from seeking a way to produce relevant information while simultaneously redacting other information.

ENTER:

_____
IAIN D. JOHNSTON, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 5/24/13